HYMAN DRUSKIN, TRADING AS WASHINGTON SERVICE STATION, PLAINTIFF-RESPONDENT, v. T. A. GILLESPIE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 14, 1932—Decided January 17, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Joseph Kahrs.*

For the respondent, *Brown & Brown (Solomon Goldman,* of counsel).

PER CURIAM.

This is an appeal from a judgment entered by the trial judge sitting without a jury in the District Court of the First Judicial District of the county of Bergen. He entered judgment for the plaintiff for $400, i. e., $150 on the first count, $250 on the second count.

The state of the case shows that plaintiff was the lessee of land at the northeast corner of Liberty road and Washington avenue, in Bergenfield, upon which he conducts an automobile service station; that there were two entrances, one on Washington avenue and one on Liberty road, and the latter was open to traffic at all times; that on October 23d, 1931, the defendant company dug up the roadbed on Washington avenue north of Liberty road and closed Washington avenue to traffic under the authority of a permit issued by the county of Bergen for the laying of water pipes; that Liberty road was open at all times; that the dirt so dug up was piled along the edge of the road and on the sidewalk adjoining the road; the defendant contended that the dirt had been piled within the county easement and the plaintiff that the dirt was at least in part piled on his property; the court having found against the defendant consequently found that there was an actual encroachment on plaintiff's premises; that on or about December 8th, 1931, Washington avenue was again opened to traffic and on that date the dirt was replaced in the roadbed.

Judgment was entered on the first count for exemplary or punitive damages for $150. We think that was wrong. The only testimony on this phase of the case was that there was "an actual encroachment on the plaintiff's premises." There was no proof of malice, or that the injury was inflicted in a spirit of malice, which is essential to a recovery of exemplary or punitive damages. *Bullock* v. *Delaware, Lackawanna and Western Railroad Co.*, 61 *N. J. L.* 550; 40 *Atl. Rep.* 650.

Judgment was entered on the second count for $250 made up in large part of alleged loss of profits.

We are inclined to think that the evidence as to loss of

profits was too remote, speculative and uncertain upon which to base a judgment for loss of profits as was done in this case.

In so far as the factor of gross business entered into the calculation, it is observed that the evidence in respect thereto related to a period of several years during which the business was constantly and greatly diminishing. True, the plaintiff testified that one-half of the business came from Washington avenue north of Liberty road, and one-half from Liberty road and Washington avenue south of Liberty road, but there was no evidence as to that except his naked statement, a statement which the physical situation seemed to negative, and which was obviously a mere guess and probably a mistaken one.

Our consideration of the whole case results in the conclusion that certainly the judgment must be reversed and a *venire de novo* awarded, the costs to abide the event. It is so ordered accordingly.